[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11357
_____

D. C. Docket No. 5:09-cv-00373-WTH-TBS

DELTA RF TECHNOLOGY, INC.,

Plaintiff-Counter
Defendant-Appellant,

versus

RIIMIC, LLC,
a Florida limited liability corporation,
d.b.a. Sunair Electronics,

Defendant-Counter
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2013)

Before MARTIN and BLACK, Circuit Judges, and EDENFIELD,[*] District Judge.

PER CURIAM:

_____
[*] Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

Delta RF Technology, Inc. (Delta) appeals the district court's entry of judgment in favor of RIIMIC, LLC (Sunair) following a four-day bench trial. This case arises from a contract obligating Delta to manufacture high-powered radio amplifiers for Sunair. Although Delta contracted with Sunair for production of the amplifiers, the goods were ultimately to be delivered to Sunair's customer, Simave. Sunair refused to pay Delta for two of the units because, after installation, the amplifiers overheated and caused the radios to fail. Delta subsequently brought a breach of contract claim against Sunair; Sunair denied the alleged breach and filed counterclaims against Delta. The district court entered judgment for Sunair. On appeal, Delta raises the following issues: (1) whether the district court erred in finding that Simave's acceptance of the radios was a condition precedent to payment by Sunair, (2) whether the district court erred in finding that design defects in the amplifiers caused the radios to fail, and (3) whether the district court erred in concluding Delta breached its express warranty against manufacturer's defects.[1] After review and having had the benefit of oral argument, we affirm the district court.[2]

---

[1] Because the district court did not clearly err in finding that Sunair's payments to Delta were conditioned upon payment by Simave, Delta's argument that Sunair accepted the amplifiers is irrelevant.

[2] Delta also argues, citing *International Engineering Services, Inc. v. Scherer Construction & Engineering of Central Florida, LLC*, 74 So. 3d 531 (Fla. 5th DCA 2011), that the district court erroneously shifted the entire risk of loss to Delta. Delta did not present this case to the district court before it entered its findings and conclusions, even though Delta had an

*Standard of Review*

Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. *A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.*, 334 F.3d 997, 1003 (11th Cir. 2003). "Clear error is a highly deferential standard of review," *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1319 (11th Cir. 2007) (quotations omitted), and the standard "plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently," *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

*Issue One*

The district court found that "all of the contract documents (as well as the other evidence presented at trial) ma[de] it clear that payment by Simave was a condition precedent to payment by Sunair . . . to Delta." Delta argues this finding was erroneous.

We have reviewed the contract documents and the record, and we conclude that the evidence supports the district court's finding. For instance, one of the contract documents, purchase order BO-361, stated that payment was due either after "delivery to customer," or "customer acceptance," whichever occurred first. Although Delta claims "customer" did not refer to Simave, it is clear from the

---

opportunity to do so. Regardless, *International Engineering* is a construction law case and Delta has offered no compelling justification for applying its reasoning here.

record that the parties used the term "customer" interchangeably with the term "Sunair's customer" to refer to Simave.  Another contract document, purchase order 223, also conditioned payment to Delta upon receipt of funds from Simave.  Accordingly, under our deferential standard of review, we cannot say the district court's finding was clearly erroneous.  *See Morrissette-Brown*, 506 F.3d at 1319.

### *Issue Two*

 Delta next contends the district court erred in finding that the proximate cause of the radios' failure was a design defect, rather than shipping damage.

The record, however, supports the district court's finding.  There was an abundance of evidence presented at trial that the amplifiers had overheating issues, and that those issues were caused by the amplifiers' improper design.  While there was also evidence that the units could have been damaged during shipping, which the district court acknowledged, Sunair demonstrated that the defect was most likely caused by design flaws, especially since the overheating problems manifested before shipping.   Accordingly, the district court did not clearly err in finding that defects in the amplifiers caused the radios to fail.

### *Issue Three*

Delta's final argument is that its warranty against manufacturing defects and construction defects did not cover the damage sustained by the units.

Delta's argument is meritless.  Sunair's breach of express warranty claim was based on purchase order BO-361, which stated that the amplifiers "would meet or exceed performance spec[ifications]" as set forth in the proposal and the "NATO Solicitation."  The evidence before the district court established that the units did not meet these specifications.  Accordingly, the district court did not err in concluding that Delta breached its warranty, and that the warranty was not effectively disclaimed in the contract documents.

*Conclusion*

For the foregoing reasons, we affirm the district court's entry of judgment in favor of Sunair.

**AFFIRMED.**

5